# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1346

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Sondra Readshaw | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  May 19, 2000

Filed:  August 7, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Sondra Readshaw appeals her drug-related sentence. Having carefully considered the record, we briefly summarize Readshaw's argument and our reason for rejecting it. Readshaw does not dispute that after a co-defendant sold two ounces of methamphetamine to an undercover officer, Readshaw offered to make two more ounces available to the officer, and he told her he would let her know about other interested customers. Based on this factual account, Readshaw contends the quantity of methamphetamine she offered should not be used to set her base offense level because the undercover officer did not commit to purchase the methamphetamine from

her.  We disagree.  Just as the officer was not required to consummate the transaction, we do not believe he was required to do more than agree to put Readshaw in touch with prospective customers.  <u>See</u> <u>United States v. Smiley</u>, 997 F.2d 475, 482 (8th Cir. 1993) (in affirming inclusion of quantity defendant agreed to sell, noting defendant's initiation of offer to sell drugs to agent); <u>United States v. Garrido</u>, 995 F.2d 808, 812 n.3 (8th Cir.) ("agent did not need to intend actually to buy the amount suggested" for quantity under negotiation to be countable), <u>cert. denied</u>, 510 U.S. 926 (1993).  The agents' commitment to purchase drugs in the <u>Smiley</u> and <u>Garrido</u> cases is analogous to the undercover officer's commitment to tell Readshaw about other interested customers in this case; it was not necessary for the officer to intend actually to follow through on his commitment.  We thus affirm Readshaw's sentence.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.